

1  Katherine A. Klimkowski (SBN 263099)
   kaklimkowski@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS,
6  INC.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  EDEN KRETCHET,                    Case No. ___CV14-01953 DMG (RZx)___

12              Plaintiff,

13       v.                           **NOTICE OF REMOVAL OF
                                      ACTION: UNDER 28 U.S.C. §
14  TRANS UNION LLC, EXPERIAN         1441**
    INFORMATION SOLUTIONS INC.
15  EQUIFAX INFORMATION               **[FEDERAL QUESTION]**
    SERVICES LLC, CAPITAL ONE
16  BANK (USA) N.A., BANK OF
    AMERICA CORPORATION,
17  NATIONAL CREDIT ADJUSTERS
    LLC, CALIFORNIA BUSINESS
18  BUREAU INC., LVNV FUNDING
    LLC, DOES 1 TO 10, INCLUSIVE,,
19
                Defendants.
20

21

22       Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Experian Information

23  Solutions, Inc. ("Experian") hereby files a Notice of Removal for the above-

24  captioned action to this Court.

25       In further support of this Notice, Experian states:

26       1.      Experian, is a named Defendant in Civil Action No. Doc. 14K02478

27  filed in the Superior Court of the State of California, County of Los Angeles (the

28  "State Court Action").

IRI-60819v1                                      NOTICE OF REMOVAL OF ACTION

2.  The Complaint in the State Court Action was filed with the Clerk of the Superior Court of the State of California, County of Los Angeles on February 14, 2014. Defendant Experian was served with the complaint on February 14, 2014.

3.  This Notice is being filed with this Court within thirty (30) days after Defendant Experian received a copy of Plaintiff's initial pleadings setting forth the claims for relief upon which Plaintiff's action is based.

4.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of all substantive records and proceedings from the state court.

5.  Pursuant to 28 U.S.C. § 1446(d), Experian shall file a copy of this Notice of Removal with the clerk of the State Court Action, and shall serve Plaintiff through her attorney of record in the State Court Action with this Notice promptly after its filing.

6.  Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.  The claims of relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u. Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a) and (b).

8.  Defendant Experian does not waive any defense to the Complaint, including but not limited to lack of service, improper service, or lack of personal jurisdiction.

1        WHEREFORE, Experian notices the removal of this case to the United

2   States District Court for the Central District of California pursuant to 28 U.S.C. §

3   1441 *et seq.*

4

5   Dated:  March 14, 2014                     JONES DAY

6

7                                         By:

8                                         Katherine A. Klimkowski

9                                     Attorneys for Defendant
EXPERIAN INFORMATION

10                                    SOLUTIONS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

02/14/2014
2:58 pm

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS
INC, "Additional Parties Attachment Form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDEN KRETCHET

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

FEB 14 2014

Sherri R. Carter, Executive Officer/Clerk
By: Paul So, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT
111 NORTH HILL STREET, LOS ANGELES CA 90012

CASE NUMBER:
*(Número del Caso):*

14K02478

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

EDEN KRETCHET - 11137 FREER STREET, TEMPLE CITY CA 91780-3606 - (949) 600-0380

DATE:                           SHERRI R. CARTER           Clerk, by      PAUL SO                    , Deputy
*(Fecha)*                                                  *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* EXPERIAN INFORMATION SERVICES, INC,

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
FEB 14 2014

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exh. A Page 4

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KRETCHET v. TRANS UNION LLC | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE BANK (USA) N.A., BANK OF AMERICA CORPORATION, NATIONAL CREDIT ADJUSTERS LLC, CALIFORNIA BUSINESS BUREAU INC, LVNV FUNDING LLC, DOES 1 TO 10 INCLUSIVE.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exh. A Page 5

1

EDEN KRETCHET
11137 Freer Street
Temple City, CA 91780
(949) 600-0380

Plaintiff in propria persona

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

FEB 1 4 2014

Sherri R. Carter, Executive Officer/Clerk
By: Paul So, Deputy

2

3

4

5

6

7

SUPERIOR COURT OF CALIFORNIA

8

9

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

STANLEY MOSK COURTHOUSE

11

| | |
|---|---|
| EDEN KRETCHET, ) | CASE NUMBER |
| ) | |
| Plaintiff, ) | COMPLAINT FOR:   1 4 K 0 2 4 7 8 |
| ) | |
| vs. ) | 1. DAMAGES FOR VIOLATION |
| ) | OF THE CONSUMER CREDIT |
| TRANS UNION LLC, EXPERIAN ) | REPORTING AGENCIES ACT |
| INFORMATION SOLUTIONS INC,) | [CC §1785.1 et seq.] |
| EQUIFAX INFORMATION ) | |
| SERVICES LLC, CAPITAL ONE ) | 2. PUNITIVE DAMAGES |
| BANK (USA) N.A., BANK OF ) | |
| AMERICA CORPORATION, ) | |
| NATIONAL CREDIT ADJUSTERS ) | |
| LLC, CALIFORNIA BUSINESS ) | |
| BUREAU INC, LVNV FUNDING ) | |
| LLC, DOES 1 TO 10 INCLUSIVE. ) | |
| Defendants. ) | |

12

13

14

15

16

17

18

19

20

21

22

(Exceeds $10,000.00 does not exceed $25,000.00 – Action a Limited Civil Case)

23

24

Plaintiff alleges as follows:

25

**PRELIMINARY ALLEGATIONS**

26

1.     Plaintiff, EDEN KRETCHET ("PLAINTIFF"), is an individual over the

27

age of 18 years who resides at 11137 Freer Street, Temple City, California 91780.

28

**COMPLAINT**

1

Exh. A Page 6

2.      Defendant, TRANS UNION LLC ("TUC"), is a State of Delaware Limited Liability Company conducting business as a Consumer Credit Reporting Agency as defined by Section 1785.3(d) of the Civil Code of the State of California and is authorized to conduct business in the State of California.

3.      Defendant, EXPERIAN INFORMATION SOLUTIONS INC ("XPN"), is a State of Ohio Corporation conducting business as a Consumer Credit Reporting Agency as defined by Section 1785.3(d) of the Civil Code of the State of California and is authorized to conduct business in the State of California.

4.      Defendant, EQUIFAX INFORMATION SERVICES LLC ("EFX") is a State of Georgia Limited Liability Company conducting business as a Consumer Credit Reporting Agency as defined by Section 1785.3(d) of the Civil Code of the State of California and is authorized to conduct business in the State of California.

5.      Defendant, CAPITAL ONE BANK (USA) N.A. ("CAP ONE") is a Federal National Bank and is authorized to conduct business in the State of California.

6.      Defendant, LVNV FUNDING LLC ("LVNV") is a Limited Liability Company of unknown jurisdiction and is not registered as a business entity with the California Secretary of State and as such, is not authorized to conduct business in the State of California.

7.      Defendant, NATIONAL CREDIT ADJUSTERS LLC ("NCA"), is a State of Kansas Limited Liability Company.   NCA has had its registration status with the California Secretary of State forfeited and as such, is not authorized to conduct business in the State of California.

---

**COMPLAINT**

2

8.      Defendant, CALIFORNIA BUSINESS BUREAU INC. ("CBB") is a California Corporation authorized to conduct business in the State of California. CBB is a collection agency.

9.      Defendant, BANK OF AMERICA CORPORATION ("BAC"), is a State of Delaware Corporation authorized to conduct business is the State of California.

10.     PLAINTIFF is ignorant of the true names and capacities of Defendants sued herein as Does 1 to 10 and therefore sue these Defendants by such fictitious names. PLAINTIFF will amend this Complaint to allege the true names and capacities when ascertained.

11.     PLAINTIFF is informed and believe and thereon alleges that at all times herein mentioned each of the Defendants were the agents, servants and employees of their codefendants and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their codefendants.

12.     This judicial district is the proper venue for this action because PLAINTIFF lives in this judicial district.

### FIRST CAUSE OF ACTION

**Violation of Consumer Credit Reporting Act - Count One
Against Defendants: CBB, CAP ONE, XPN, TUC, EFX, DOES 1 - 5**

13.     On or about July through September 2013, in writing, PLAINTIFF disputed to these Defendants, and each of them, that they were reporting the same negative account information multiple times in violation of the Fair Credit Reporting Act. Subsequently, these Defendants, and each of them failed and refused and do fail and

---

**COMPLAINT**

3

refuse to correct said erroneous multiple reports of the same account.

14.   As a direct result of these Defendants conduct in maintaining and reporting this inappropriate information to potential credit grantors and others, PLAINTIFF has been, is and will continue to be denied licensing, credit or is being denied more favorable credit terms, all of which has been and is damaging in a sum uncertain to PLAINTIFF who asks leave of the court to amend this Complaint to state said sum when the same becomes known to him.

15.   Because of Defendants' conduct as above alleged, PLAINTIFF is entitled to punitive damages pursuant to Section 1785.31(B) of the Civil Code of the State of California of not less than $100 nor more than $5,000 for each violation of the Act.

## SECOND CAUSE OF ACTION

### Violation of Consumer Credit Reporting Act - Count Two
### Against Defendants: BAC, NCA, LVNV, XPN, TUC, EFX, DOES 6 - 10

16.   PLAINTIFF realleges all of the allegations contained in paragraphs 1 through 12 above as though fully stated herein.

17.   On or about July through September 2013, in writing, PLAINTIFF disputed to these Defendants, and each of them, that they were reporting certain negative account information in which the delinquency of the account was being reported as having occurred much more recently than was actually the case in violation of the Fair Credit Reporting Act. Subsequently, these Defendants, and each of them failed and refused and do fail and refuse to correct said erroneous dating of the purported delinquent dating of the account.

18.   As a direct result of these Defendants conduct in maintaining and

---

**COMPLAINT**

4

reporting this inappropriate information to potential credit grantors and others, PLAINTIFF has been, is and will continue to be denied licensing, credit or is being denied more favorable credit terms, all of which has been and is damaging in a sum uncertain to PLAINTIFF who asks leave of the court to amend this Complaint to state said sum when the same becomes known to him.

19.     Because of Defendants' conduct as above alleged, PLAINTIFF is entitled to punitive damages pursuant to Section 1785.31(B) of the Civil Code of the State of California of not less than $100 nor more than $5,000 for each violation of the Act.

20. Plaintiff remits to the jurisdictional limit of the court.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**

**Against Defendants: CBB, CAP ONE, XPN, TUC, EFX, DOES 1 - 5**

1.      For actual damages according to proof;

2.      for punitive damages of not less than $100 nor more than $5,000;

**ON THE SECOND CAUSE OF ACTION**

**Against Defendants: BAC, NCA, LVNV, XPN, TUC, EFX, DOES 6 - 10**

3.      for actual damages according to proof;

4.      for punitive damages of not less than $100 nor more than $5,000;

**ON ALL CAUSES OF ACTION**

**Against all Defendants:**

5.      for attorney fees, if any;

6.      for cost of suit;

---

**COMPLAINT**

5

7.   for such further relief the court may deem just and equitable.

Dated: February 14, 2014

EDEN KRETCHET
Plaintiff in propria persona

**COMPLAINT**

6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases General ) | Case No.:  1 4 K 0 2 4 7 8 |
| Order – Limited Jurisdiction (Non-Collections) ) | |
| Cases ) | GENERAL ORDER |
| ) | |
| ) | |
| ) | |
| ) | |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

     1.    **PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS**

**GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS**

**AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS**

**ORDER.  (Code Civ. Proc., § 594, subd. (b).)**

     2.    The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

POS: 0 8 / 1 4 / 2014 TRIAL: 0 8 / 1 4 / 2015 OSC: 0 2 / 1 4 / 2017

| |
|---|
| **TRIAL:** |
| • **Date:** _____ at 8:30 a.m. |

### SERVICE OF SUMMONS AND COMPLAINT

     3.    The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint.  The

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE PROCEDURES & REQUIREMENTS LIMITED CIVIL**
**(NON-COLLECTION)ACTIONS**

Case Number: _____

<u>THIS FORM WILL BE POSTED IN THE COURTROOM AND ON THE COURT'S WEBSITE</u>

**LIMITED JURISDICTION CASE MANAGEMENT PROCEDURES AND INSTRUCTIONS**

**The following critical provisions, as applicable in the Central District are cited for your information:**

<u>**TIME STANDARDS:**</u>

**COMPLAINTS:** All complaints should be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed (Code Civ. Proc. §428.50).

<u>**DEFAULTS:**</u> (Local Rule 9.10, Cal. Rules of Court, rule 3.110(g)). If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff should file a Request for Entry of Default within 10 calendar days after the time to respond has elapsed. The plaintiff should request default judgment on the defaulting defendants within 40 calendar days after entry of default. Requests for entry of default judgments will only be considered based upon written submissions.

<u>**NOTICED MOTIONS:**</u> All regularly noticed pre-trial motions will be heard in the Limited Civil Courtroom on Mondays, Tuesdays, Wednesdays and Thursdays at 8:30 a.m. and will require parties to reserve a hearing date in Department 77. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 102. Tentative rulings may be posted on the Court's internet site, http://www.lasuperiorcourt.org/tentative ruling, the day prior to the hearing.

<u>**EX-PARTE MATTERS:**</u> All pre-trial ex-parte applications should be noticed in the Limited Civil Court, Department 77 for 1:30 p.m. Ex parte appearance applications for Department 77 will be heard daily and must be filed by 1:00 p.m. daily in Room 102 on the day of the hearing.

<u>**UNINSURED MOTORISTS CLAIMS:**</u> Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2

2/7/13

Exh. A Page 13

trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

4.     The summons and complaint shall be served upon the defendant/s within three (3) years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).). The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

**UNSERVED PARTIES DISMISSAL DATE**

_____

---

5.     No Case Management Review (CMR) will be conducted in this case.

**LAW AND MOTION**

6.     All regularly noticed pre-trial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.   Motions will require parties to reserve a hearing date by calling (213) 974-6247.   All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7.     Tentative rulings may be posted on the Court's internet site at http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

## EX PARTE APPLICATIONS

8.     Ex parte applications should be noticed for 1:30 p.m. in Department 77.  All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.     The fee shall be due no later than 365 calendar days after the filing of the initial complaint.  (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.     A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees.  (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.     Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the Parties shall bring with them to Department 77 all of the following:

   i.     Joint Statement of the Case;

   ii.     Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court ( LASC), see local rule 3.57;

   iii.     Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

   iv.     Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

GENERAL ORDER - 3

v.    Joint Proposed Jury Instructions printed out for the court; and

vi.   Joint Proposed Verdict form(s) printed out for the court.

12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE  MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.**  (Los Angeles Superior Court Local Rule 3.37.)


GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


DATE: March 13, 2013

Hon. Stephanie Bowick
Judge of the Superior Court

GENERAL ORDER - 4

| SHORT TITLE: KRETCHET v. TRANS UNION LLC | CASE NUMBER 14K02478 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☑ YES   TIME ESTIMATED FOR TRIAL 3  ☑ HOURS/ ☐ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exh. A Page 17

| SHORT TITLE: KRETCHET v. TRANS UNION LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4
Exh. A Page 18

| SHORT TITLE: KRETCHET v. TRANS UNION LLC | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exh. A Page 19

| SHORT TITLE: KRETCHET v. TRANS UNION LLC | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>11137 FREER STREET, TEMPLE CITY CA 91780-3606 |
|---|---|
| CITY:<br>TEMPLE CITY | STATE:<br>CA | ZIP CODE:<br>91780-3606 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central District</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>02/14/2014</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



1  Katherine A. Klimkowski (State Bar No. 263099)
   JONES DAY
2  3161 Michelson Drive, Suite 800
   Irvine, CA 92612.4408
3  Telephone:    (949) 851-3939
   Facsimile:    (949) 553-7539
4  Email:        kaklimkowski@jonesday.com

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                     STANLEY MOSK COURTHOUSE

11

12  EDEN KRETCHET,                         CASE NO. 14K02478

13            Plaintiff,

14       v.                                **DEFENDANT EXPERIAN**
                                           **INFORMATION SOLUTION INC.'S**
15  TRANS UNION LLC, EXPERIAN              **ANSWER AND AFFIRMATIVE**
    INFORMATION SOLUTIONS INC,            **DEFENSES TO PLAINTIFF EDEN**
16  EQUIFAX INFORMATION SERVICES          **KRETCHET'S COMPLAINT**
    LLC, CAPITAL ONE BANK (USA) N.A.,
17  BANK OF AMERICA CORPORATION,          Complaint Filed:  February 14, 2014
    NATIONAL CREDIT ADJUSTERS LLC,
18  CALIFORNIA BUSINESS BUREAU INC,
    LVNV FUNDING LLC, DOES 1 TO 10,
19  INCLUSIVE.

20            Defendants.

21

22       COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and

23  through its undersigned counsel, and answers Plaintiff Eden Kretchet's ("Plaintiff") Complaint as

24  follows:

25                          **GENERAL DENIAL**

26       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Experian denies,

27  generally and specifically, each and every allegation of the Complaint.  Experian further denies

28  that Plaintiff has suffered, or will suffer, any injury, detriment, damage or loss, or is entitled to

IRI-60878v1

EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 1 3 2014

Sherri R. Carter, Executive Officer/Clerk
By: Candice S. Calagna, Deputy

1   costs, expenses or attorneys' fees in any matter or sum whatsoever, by reason of any act or

2   omission of Experian, its agents, employees and/or anyone acting on Experian's behalf.  Experian

3   further denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

5   As separate and distinct affirmative defenses to the Complaint, Experian alleges as

6   follows:

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM AGAINST EXPERIAN)**

9   1.   The Complaint, and each purported cause of action therein, fails to state facts

10   sufficient to constitute a cause of action against Experian and further fails to state facts sufficient

11   to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Experian.

**SECOND AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

14   2.   Plaintiff's claims are barred as against Experian by the qualified immunity of

15   15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**

**(WAIVER)**

18   3.   Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(TRUTH/ACCURACY)**

21   4.   Plaintiff's claims are barred as against Experian because all information Experian

22   communicated to any third person regarding Plaintiff was true.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

25   5.   Plaintiff has failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

28   6.   The Complaint and each claim for relief therein is barred by laches.

IRI-60878v1

2

**SEVENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTORY/COMPARATIVE FAULT)**

7.      Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**EIGHTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

8.      Any damages that Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages whatsoever as against Experian.

**NINTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

9.      Experian is informed and believes and thereon alleges that all claims for relief in the Complaint against Experian are barred by the applicable statutes of limitation.

**TENTH AFFIRMATIVE DEFENSE**

**(INTERVENING CAUSE)**

10.      Plaintiff's alleged damages, which Experian continues to deny, were not caused by Experian but by an independent intervening cause, including but not limited to accurate negative information regarding Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

11.      The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(INDEMNIFICATION)**

12.      Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom

1    Experian had neither control nor responsibility.

2                   **THIRTEENTH AFFIRMATIVE DEFENSE**

3                   **(IMPROPER REQUEST FOR PUNITIVE DAMAGES)**

4          13.    Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct

5    required to recover punitive damages, and thus all requests for punitive damages are improper.

6                   **FOURTEENTH AFFIRMATIVE DEFENSE**

7                   **(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

8          14.    Experian reserves the right to assert additional affirmative defenses at such time

9    and to such extent as warranted by discovery and the factual developments in this case.

10                   **PRAYER FOR RELIEF**

11         WHEREFORE, Defendant Experian prays as follows:

12         1.     That Plaintiff take nothing by reason of the Complaint herein;

13         2.     That the Complaint be dismissed in its entirety as to Experian;

14         3.     That Experian be awarded costs of suit and reasonable attorneys' fees incurred

15   herein; and

16         4.     For such other and further relief as the Court may deem just and proper.

17

18   Dated: March 13, 2014                    JONES DAY

19

20                                            By: _____

21                                                 Katherine A. Klimkowski

22                                            Attorneys for Defendant
                                              EXPERIAN INFORMATION SOLUTIONS,
23                                            INC.

24

25

26

27

28

EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

1
## PROOF OF SERVICE BY MAIL

2      I, Estelle S. Pete, am a citizen of the United States and employed in Orange County,

3  California.  I am over the age of eighteen years and not a party to the within-entitled action.  My

4  business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  I am

5  readily familiar with this firm's practice for collection and processing of correspondence for

6  mailing with the United States Postal Service.  On March 13, 2014, I placed with this firm at the

7  above address for deposit with the United States Postal Service a true and correct copy of the

8  within document(s):

9      **DEFENDANT EXPERIAN INFORMATION SOLUTION INC.'S ANSWER
       AND AFFIRMATIVE DEFENSES TO PLAINTIFF EDEN KRETCHET'S**

10     **COMPLAINT**

11  in a sealed envelope, postage fully paid, addressed as follows:

12     Eden Kretchet
       11137 Freer Street

13     Temple City, CA  91780
       T:  (949) 600-0380

14     *Plaintiff in propria persona*

15     Following ordinary business practices, the envelope was sealed and placed for collection

16  and mailing on this date, and would, in the ordinary course of business, be deposited with the

17  United States Postal Service on this date.

18     I declare under penalty of perjury under the laws of the State of California that the above

19  is true and correct.

20     Executed on March 13, 2014, at Irvine, California.

21

22                                              _Estelle S. Pete_
                                         _____

23                                              Estelle S. Pete

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

I, Estelle S. Pete, am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On March 14, 2014, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441**

in a sealed envelope, postage fully paid, addressed as follows:

Eden Kretchet
11137 Freer Street
Temple City, CA  91780
T:  (949) 600-0380
*Plaintiff in propria persona*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2014, at Irvine, California.

_____
Estelle S. Pete

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

EDEN KRETCHET, Plaintiff in propria persona

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

EXPERIAN INFORMATION SOLUTIONS, INC., et al.

**(b) County of Residence of First Listed Plaintiff** _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Eden Kretchet
11137 Freer Street
Temple City, CA  91780
T: (949) 600-0380

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
T: (949) 851-3939  /  F: (949) 553-7539

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1441 and 28 U.S.C. 1446, Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | **CV14-01953 DMG (RZx)** | |
|---|---|---|---|
| CV-71 (11/13) | | CIVIL COVER SHEET | Page 1 of 3 |

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes  [ ] No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [x] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes  [x] No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1.  Is either of the following true?  If so, check the one that applies: | C.2.  Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C<br><br>[ ] only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right.  ➡ | [ ] 2 or more answers in Column D<br><br>[ ] only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____ DATE: March 14, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

## PROOF OF SERVICE BY MAIL

I, Estelle S. Pete, am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On March 14, 2014, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**CIVIL COVER SHEET**

in a sealed envelope, postage fully paid, addressed as follows:

Eden Kretchet
11137 Freer Street
Temple City, CA  91780
T: (949) 600-0380
*Plaintiff in propria persona*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2014, at Irvine, California.

_____
Estelle S. Pete

IRI-60821v1

PROOF OF SERVICE

- 2 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dolly M. Gee _____ and the assigned Magistrate Judge is _____ Ralph Zarefsky _____.

The case number on all documents filed with the Court should read as follows:

## CV14-01953 DMG (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| March 14, 2014 | By | Nancy Boehme |
|---|---|---|
| Date | | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EDEN KRETCHET

PLAINTIFF(S)

v.

TRANS UNION LLC, et al.,

DEFENDANT(S)

CASE NUMBER

CV14-01953 DMG (RZx)

**NOTICE TO PARTIES OF
COURT-DIRECTED ADR PROGRAM**

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U. S. District Court

March 14, 2014
_____
Date

By   Nancy Boehme
_____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
## AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. *See* Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

With more than 15,000 civil cases filed in the District in 2012, less than 1 percent actually went to trial. Most cases are settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."