**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CRISTINE REYNAERT (SBN 240476)
creynaert@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN KRETCHET,<br><br>      Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS INC, EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE BANK (USA), N.A., BANK OF AMERICA CORPORATION, NATIONAL CREDIT ADJUSTERS LLC, CALIFORNIA BUSINESS BUREAU INC, LVNV FUNDING LLC, DOES 1 TO 10 INCLUSIVE.<br><br>      Defendants. | Case No. 14-CV-01953-DMG (RZx)<br><br>*Assigned to Courtroom 7*<br>*The Hon. Dolly M. Gee*<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO COMPLAINT**<br><br>Complaint filed:   February 14, 2014 |

NOW COMES Defendant CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE"), by and through its counsel, and hereby answers the Complaint filed by plaintiff EDEN KRETCHET ("Plaintiff") and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering paragraph 1, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 1 of the Complaint.

2. Answering paragraph 2, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

3. Answering paragraph 3, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

4. Answering paragraph 4, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

5. Answering paragraph 5, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

6. Answering paragraph 6, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

7. Answering paragraph 7, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

8. Answering paragraph 8, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

9. Answering paragraph 9, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

10. Answering paragraph 10, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 10 of the Complaint.

DOLL AMIR & ELEY LLP

11. Answering paragraph 11, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein that relates to CAPITAL ONE and which does not present a legal conclusion not subject to admission or denial. As to any factual allegations in paragraph 11 that relate to the other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 11.

12. Answering paragraph 12, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

## FIRST CAUSE OF ACTION

13. Answering paragraph 13, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein that relates to CAPITAL ONE and which does not present a legal conclusion not subject to admission or denial. As to any factual allegations in paragraph 13 that relate to the other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 13.

14. Answering paragraph 14, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein that relates to CAPITAL ONE and which does not present a legal conclusion not subject to admission or denial. As to any factual allegations in paragraph 14 that relate to the other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 14.

15. Answering paragraph 15, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein that relates to CAPITAL ONE and which does not present a legal conclusion not subject to admission or denial. As to any factual allegations in paragraph 15 that relate to the other defendants,

CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of paragraph 15.

## SECOND CAUSE OF ACTION

16. Answering paragraph 16, CAPITAL ONE restates and incorporates its responses to paragraphs 1 through 15 above as if fully set forth herein.

17. Answering paragraph 17, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations which do not present a legal conclusion not subject to admission or denial and, on that basis, denies generally and specifically, each and every allegation of paragraph 17 of the Complaint.

18. Answering paragraph 18, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations which do not present a legal conclusion not subject to admission or denial and, on that basis, denies generally and specifically, each and every allegation of paragraph 18 of the Complaint.

19. Answering paragraph 19, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations which do not present a legal conclusion not subject to admission or denial and, on that basis, denies generally and specifically, each and every allegation of paragraph 19 of the Complaint.

20. Answering paragraph 20, CAPITAL ONE states that this is a legal conclusion which is not subject to denial or admission.

## PRAYER FOR JUDGMENT

21. Answering subparts (1) through (7) of Plaintiff's prayer for judgment, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein that relates to CAPITAL ONE and which does not present a legal conclusion not subject to admission or denial. As to any factual allegations that relate

to the other defendants, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies generally and specifically, each and every allegation of Plaintiff's prayer for judgment.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint, CAPITAL ONE asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the Complaint, to the extent Plaintiff has offsetting claim(s).

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint fails to state a claim upon which relief can be granted against CAPITAL ONE.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from obtaining any recovery on the allegations in the Complaint by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. No punitive damages are recoverable in this Action. Any award of punitive damages against CAPITAL ONE is unconstitutional based on the low level of reprehensibility of CAPITAL ONE's alleged misconduct and the lack of harm suffered by Plaintiff compared to any award of punitive damages that would be granted.

### FIFTH AFFIRMATIVE DEFENSE

5. CAPITAL ONE alleges that if Plaintiff was damaged in any sum or sums alleged, which CAPITAL ONE denies, generally and specifically, each and every averment contained in the Complaint, then Plaintiff's damages are limited by 15 U.S.C. § 1681n and 15 U.S.C. 1681o.

### SIXTH AFFIRMATIVE DEFENSE

6. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of CAPITAL ONE.

### SEVENTH AFFIRMATIVE DEFENSE

7. CAPITAL ONE alleges that it has performed all conditions, covenants, and obligations imposed upon it as to Plaintiff, if any, with the exception of those conditions, covenants and obligations which have been excused, waived or discharged by Plaintiff's conduct.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff is barred from recovery because the Complaint and each and every cause of action therein are barred by the doctrines of justification and privilege.

### NINTH AFFIRMATIVE DEFENSE

9. Without waiver of any of the denials contained herein, CAPITAL ONE asserts that, if Plaintiff sustained any damages, which CAPITAL ONE denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has failed to mitigate her damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred by the acts and conduct of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

12. Plaintiff is not entitled to attorneys' fees.

### FOURTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff acted with full knowledge of all the facts and circumstances surrounding the alleged damages and assumed the risk of the matters causing her alleged damages. Therefore, Plaintiff's damages, if any, are barred or reduced to the extent of said assumption.

### FIFTEENTH AFFIRMATIVE DEFENSE

14. CAPITAL ONE alleges that the purported causes of action against it are barred because Plaintiff consented to all acts that were done by CAPITAL ONE.

### SIXTEENTH AFFIRMATIVE DEFENSE

15. CAPITAL ONE alleges that all of its actions mentioned in this Complaint were lawful, within its legal rights, and were done with a good faith belief in the exercise of that right.  Further, under the circumstances, and based on information reasonably available to CAPITAL ONE, CAPITAL ONE acted in good faith in the honest belief that the acts, conduct and communications, if any, of CAPITAL ONE was justified.

### SEVENTEENTH AFFIRMATIVE DEFENSE

16. Assuming *arguendo* that CAPITAL ONE violated a statute alleged in the Complaint, which CAPITAL ONE denies, generally and specifically, such violation was not intentional, but a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### EIGHTEENTH AFFIRMATIVE DEFENSE

17. CAPITAL ONE is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations, and therefore cannot be held liable for any alleged damages suffered by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

18. CAPITAL ONE is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to Cal Civ Code § 1785.33.

### TWENTIETH AFFIRMATIVE DEFENSE

19. CAPITAL ONE reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to CAPITAL ONE during the course of litigation.

///

## CAPITAL ONE'S PRAYER FOR RELIEF

WHEREFORE, Defendant CAPITAL ONE prays as follows:

1.  That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.  For costs of suit and attorneys' fees herein incurred; and

3.  For such other and further relief as the Court may deem just and proper.

Dated: April 3, 2014             **DOLL AMIR & ELEY LLP**


By: /s/   *Hunter R. Eley*                    .
    Hunter R. Eley
    Cristine Reynaert

Attorneys for Defendants
Capital One Bank (USA), N.A.