Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Judith T. Sethna (SBN 232731)
Email: jsethna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant FIA Card Services, N.A. (erroneously sued as Bank of America Corporation)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN KRETCHET,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS INC, EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE BANK(USA) N.A., BANK OF AMERICA CORPORATION, NATIONAL CREDIT ADJUSTERS LLC, CALIFORNIA BUSINESS BUREAU INC., LVNV FUNDING LLC, DOES 1 TO 10 INCLUSIVE,<br><br>    Defendants. | Case No. 14-cv-01953 DMG (Rzx)<br><br>[Removed from the Superior Court of California, County of Los Angeles, Case No. 14K02478]<br><br>**DEFENDANT FIA CARD SERVICES N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FED. R. CIV. PROC. 12(B)(6)]**<br><br>Date:    May 9, 2014<br>Time:    9:30 a.m.<br>Place:    Courtroom 7<br><br>Compl. Filed:  February 14, 2014<br><br>[Filed concurrently with (Proposed) Order]<br><br>Honorable Dolly M. Gee |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on May 9, 2014 at 9:30 a.m. in Courtroom 7 of the above-entitled Court of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, CA 90012, Defendant FIA Card Services, N.A. (erroneously sued as Bank of America Corporation) ("FIA") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff Eden Kretchet and each cause of action alleged therein against FIA on the grounds that the Complaint fails to state any claim upon which relief can be granted. In the alternative, FIA requests, pursuant to Federal Rule of Civil Procedure 21, that the Court drop FIA from the Complaint on the grounds that there has been a misjoinder of the parties.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

Pursuant to Local Rule 7-3, on April 9, 2014, FIA's counsel attempted to contact Plaintiff via telephone to discuss the basis for its Motion but was unable to get in touch with Plaintiff, thus necessitating the filing of this Motion.

DATED: April 11, 2014

REED SMITH LLP

By: _____
Abraham J. Colman
Judith T. Sethna
Attorneys for Defendant FIA Card Services, N.A. (erroneously sued as Bank of America Corporation)

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. Introduction | 1 |
| II. Factual Background | 2 |
| III. Legal Standard | 2 |
| IV. Legal Argument | 4 |
|     A. Plaintiff's CCRAA Claim Against FIA Is Preempted By The FCRA | 4 |
|     B. Plaintiff's CCRAA Claim Against FIA Also Fails Because It Is Inadequately Pled | 5 |
|     C. Plaintiff's CCRAA Claim Against FIA Also Fails Because It Is Time-Barred | 6 |
|     D. Plaintiff's Entire Complaint Fails Because There Is A Misjoinder of Parties | 6 |
| V. Conclusion | 7 |

– i –

DEFENDANT FIA CARD SERVICES N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993) ..................................................................... 2

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 3

*Bouyer v. GMAC Mortgage*,
No. 08-3022, 2009 WL 2877603 (E.D. Cal. Sept. 3, 2009) .......................... 3

*Brazil v. U.S. Dept. of Navy*,
66 F.3d 193 (9th Cir. 1995) ........................................................................... 3

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ......................................................................... 6

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ........................................................................... 3

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ....................................................................... 7

*Drew v. Equifax Info. Servs. LLC*,
690 F.3d 1100 (9th Cir. 2012) ....................................................................... 5

*Dumas v. Kipp*,
90 F.3d 386 (9th Cir. 1996) ........................................................................... 3

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003) ....................................................................... 3

*King v. Bank of Am., N.A.*,
C-12-04168 JCS, 2012 WL 4685993, at *5 (N.D. Cal. Oct. 1, 2012) ........... 5

*King v. California*,
784 F.2d 910 (9th Cir. 1986) ......................................................................... 2

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988) ......................................................................... 3

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ......................................................................... 2

*Neitzke v. Williams*,
490 U.S. 319 (1989) ...................................................................................... 2

*Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
523 F.2d 1073 (9th Cir. 1975) ....................................................................... 7

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ......................................................................... 2

*Roybal v. Equifax*,
405 F. Supp. 2d 1177 (E.D. Cal. 2005) ........................................................ 4

*Sanai v. Salz*,
170 Cal. App. 4th 746 (2009) ....................................................................... 5

– i –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Schwartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) .................................................................................................. 3

*Steinmetz v. Exxon Mobil Oil Corp.*,
 465 F. App'x 678 (9th Cir. 2012) ............................................................................................ 5

*Tademy v. GreenPoint Mortg. Funding, Inc.*,
 No. 09-1391, 2010 WL 726736 (E.D. Cal. Mar. 2, 2010) ....................................................... 3

**Statutes**

15 U.S.C. § 1681t(b)(1)(F) .................................................................................................... 4, 6
Cal. Civ. Code § 1785.1 ............................................................................................................ 1
Cal. Civ. Code § 1785.25(a) ..................................................................................................... 5
Cal. Civ. Code § 1785.33 .......................................................................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2
Fed. R. Civ. P. 20(a)(2) ............................................................................................................. 6
Fed. R. Civ. P. 21 ...................................................................................................................... 7

– ii –

DEFENDANT FIA CARD SERVICES N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Eden Kretchet ("Plaintiff") brings the instant lawsuit alleging inaccurate credit reporting apparently related to a multitude of distinct accounts held with various defendants. Plaintiff's Complaint ("Complaint") is a series of vague allegations asserted collectively against eight separate and distinct defendants. As to defendant FIA Card Services, N.A. ("FIA"), erroneously sued as Bank of America Corporation,[1] Plaintiff attempts to assert a claim for violation of California Civil Code § 1785.1 *et seq.* (the Consumer Credit Reporting Agencies Act) (herein, "CCRAA"). However, Plaintiff's Complaint is fatally deficient and fails to state a claim against FIA as a matter of law.

First, it appears Plaintiff's CCRAA claim is based on FIA's alleged credit reporting to various credit reporting agencies, and therefore is preempted by the federal Fair Credit Reporting Act ("FCRA").

Second, Plaintiff's CCRAA claim also fails because Plaintiff does not plead the requisite elements of the claim. In particular, Plaintiff does not allege any identifying information regarding a purported account, and provides no dates to establish a timeline for FIA's purported reporting.

Lastly, Plaintiff's Complaint fails because there has been a misjoinder of parties. Instead of putting each defendant on notice of its purported wrongful conduct, Plaintiff's Complaint groups all defendants together and makes conclusory and factually devoid allegations against them collectively. There is absolutely no

---

[1] Bank of America Corporation is not a bank and does not own, issue or service consumer debt. FIA Card Services, N.A., a subsidiary of Bank of America Corporation, is the sole entity that issues and administers "Bank of America" brand credit card accounts. Therefore, Bank of America Corporation is a wrongly-named defendant.

– 1 –

connection between the claims Plaintiff asserts against each of the eight separate defendants in this action, and his relationship to each defendant is entirely independent of each of the others.

Accordingly, for all of these reasons and as set forth more fully below, FIA respectfully requests that this Court dismiss Plaintiff's Complaint <u>with prejudice</u>.

## II.  FACTUAL BACKGROUND

Plaintiff generally alleges that "on or about July through September 2013" Plaintiff disputed to "defendants" that "they were reporting certain negative account information in which the delinquency of the account was being reported as having occurred much more recently than was actually the case…" Compl. ¶¶13, 17. Plaintiff's allegations are asserted against eight separate and distinct defendants. Indeed, there are no specific allegations directed against FIA. In particular, Plaintiff fails to provide any information whatsoever identifying a purported account, and provides no dates establishing a timeline for any alleged reporting.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). Time barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. California*, 784 F.2d 910, 913-15 (9th Cir. 1986). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

Moreover, even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Where a complaint fails to meet basic pleading requirements under even the most liberal pleading standards, a plaintiff's *pro se* status cannot form the basis for denying a motion to dismiss. *See, e.g., Tademy v. GreenPoint Mortg. Funding, Inc.*, No. 09-1391, 2010 WL 726736 (E.D. Cal. Mar. 2, 2010); *Bouyer v. GMAC Mortgage*, No. 08-3022, 2009 WL 2877603 (E.D. Cal. Sept. 3, 2009).

## IV. LEGAL ARGUMENT

### A. Plaintiff's CCRAA Claim Against FIA Is Preempted By The FCRA[2]

The federal Fair Credit Reporting Act ("FCRA") expressly prohibits a private cause of action under any section of the CCRAA "relating to the responsibilities of persons who furnish information to consumer credit reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). "Through the FCRA, Congress has established a scheme of uniform requirements regulating the use, collection and sharing of consumer credit information." *Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1178 (E.D. Cal. 2005). "In order to maintain this uniformity, Congress included express preemption clauses in the FCRA relating to various aspects of consumer credit reporting." *Id.* Among the claims expressly preempted are any state law claims against credit information furnishers which relate to activity governed by section 1681s-2 of the FCRA. *See* 15 U.S.C. § 1681t(b)(1)(F). Specifically, section 1681t(b)(1)(F)(ii) states, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." *Id.* (emph. added).

Here, Plaintiff's CCRAA claim against FIA appears to be based on FIA's alleged credit reporting to various credit reporting agencies. *See* Compl. ¶17 ("Defendants…were reporting certain negative account information…."). Accordingly, Plaintiff's CCRAA claim against FIA is expressly preempted under the FCRA and therefore should be dismissed with prejudice.

---

[2] The only exception to the FCRA's general preemption provision relates to a claim brought under section 1785.25(a) of the California Civil Code. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 888-89 (9th Cir. 2010) ("Because section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA, Carvalho's section 1785.25(f) claim is preempted.").

– 4 –

### B. Plaintiff's CCRAA Claim Against FIA Also Fails Because It Is Inadequately Pled[3]

The CCRAA provides, in relevant part, that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a); *Sanai v. Salz,* 170 Cal. App. 4th 746, 770 (2009). Thus, a consumer may bring a private cause of action for violation of the CCRAA only if: (1) defendant furnished credit information to a consumer credit reporting agency; (2) defendant knew, or should have known, that the credit information was incomplete or inaccurate; and (3) plaintiff was the object of

---

[3] To the extent Plaintiff is attempting to state a claim under the FCRA against FIA, such claim is also inadequately pled. *See* Compl. ¶17 ("…they were reporting certain negative account information…in violation of the Fair Credit Reporting Act."). "To state a claim under the FCRA against . . . a furnisher of credit information, the Plaintiff must allege that: (1) he contacted the [credit reporting agency ("CRA")]; (2) the CRA pursued the claim; and (3) the CRA contacted the Defendants regarding the dispute, triggering the Defendants' duty to investigate." *King v. Bank of Am., N.A.,* C-12-04168 JCS, 2012 WL 4685993, at *5 (N.D. Cal. Oct. 1, 2012) (citations omitted); *see also Steinmetz v. Exxon Mobil Oil Corp.,* 465 F. App'x 678, 678 (9th Cir. 2012) (duty is only triggered "after the furnisher receives notice of dispute from a CRA"). Once the duty of reinvestigation is triggered, the furnisher of information is liable "not for an investigation that produces incorrect results, but for an unreasonable investigation." *Drew v. Equifax Info. Servs.,* LLC, 690 F.3d 1100, 1110 (9th Cir. 2012). Here, Plaintiff's Complaint fails to plead <u>any of the requisite elements</u> necessary for a claim under the FCRA. *See generally* Compl. Accordingly, to the extent Plaintiff is also asserting a claim under the FCRA against FIA, such claim must be dismissed.

defendant's credit reporting activity. *See* 15 U.S.C. § 1681t(b)(1)(F); *Carvalho*, 629 F.3d at 888.

Here, Plaintiff fails to allege the requisite elements of a claim under this subpart of the CCRAA. Plaintiff only offers the single, conclusory allegation, that "Defendants…were reporting certain negative account information…." Compl. ¶ 17. This claim, however, is devoid of any factual support. Plaintiff fails to provide any information identifying a purported account with FIA, and provides no dates establishing a timeline for any alleged reporting. In the absence of such facts, Plaintiff's vague and conclusory statements that "defendants" reported inaccurate information are insufficient to state a cause of action under the CCRAA.

### C. Plaintiff's CCRAA Claim Against FIA Also Fails Because It Is Time-Barred

Plaintiff's claim also appears to be time barred. Civil Code section 1785.33 establishes that all CCRAA claims are generally subject to a two-year limitations period. Specifically, Section 1785.33 states, in relevant part, that:

> An action to enforce any liability created under this chapter may be brought in   any appropriate court of competent jurisdiction within two years from the date the plaintiff knew of, or should have known of, the violation of this title….

*See* Civ. Code § 1785.33. Here, Plaintiff pleads no dates regarding when the purported violation of the CCRAA occurred. Because Plaintiff fails to plead that the alleged events occurred within the limitations period, prior to Plaintiff's February 14, 2014, filing of the Complaint, Plaintiff's claim is time-barred. For this reason, Plaintiff's CCRAA cause of action fails.

### D. Plaintiff's Entire Complaint Fails Because There Is A Misjoinder of Parties

Fed. R. Civ. P. 20(a)(2) permits joinder in "one action as defendants if: (A) any right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

– 6 –

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *See also Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079-80 (9th Cir. 1975). Both prongs must be met in order for permissive joinder to occur.

Should a court determine that the parties or claims are misjoined, the court may at any time, sever any party's claims or "drop" (that is, dismiss) all but the first named defendant so that the plaintiff may pursue a separate lawsuit against each defendant. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (all of the plaintiffs save for the first named plaintiff may be dismissed without prejudice to the institution of new, separate lawsuits).

In this case, it appears that each of the named defendants had entirely separate and independent transactions with Plaintiff. *See* Compl. ¶17. There is no "same transaction, occurrence or series of transaction or occurrences" against the multiple defendants in this case. Accordingly, pursuant to Federal Rule of Civil Procedure 21, the Court must drop FIA from the Complaint on the grounds that there has been a misjoinder of the parties.

## V. CONCLUSION

Plaintiff's conclusory and factually deficient Complaint fails to state a claim against FIA. Plaintiff's claims are preempted, time-barred, and inadequately pled. Plaintiff's Complaint also fails on the grounds that there is a misjoinder of parties. ///
///
///
///
///
///

– 7 –

Based on the foregoing, FIA respectfully request that this Court dismiss Plaintiff's Complaint without leave to amend, or in the alternative, drop FIA from the Complaint on the grounds that there has been a misjoinder of parties.

DATED: April 11, 2014

REED SMITH LLP

By: /s/ *Judith T. Sethna*
Abraham J. Colman
Judith T. Sethna
Attorneys for Defendant FIA Card Services, N.A. (erroneously sued as Bank of America Corporation)