Katherine A. Klimkowski (SBN 263099)
kaklimkowski@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN KRETCHET,<br><br>  Plaintiff,<br><br>  v.<br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS INC. EQUIFAX INFORMATION SERVICES LLC, CAPITAL ONE BANK (USA) N.A., BANK OF AMERICA CORPORATION, NATIONAL CREDIT ADJUSTERS LLC, CALIFORNIA BUSINESS BUREAU INC., LVNV FUNDING LLC, DOES 1 TO 10, INCLUSIVE.<br><br>  Defendants. | Case No.CV-14-01953 DMG (RZx)<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: MOTION TO REMAND**<br><br>Hearing Date: May 16, 2014<br>Time: 9:30 a.m.<br>Courtroom: 7 |

**I.   INTRODUCTION**

Plaintiff Eden Kretchet ("Plaintiff") alleges Defendants violated the Fair Credit Reporting Act ("FCRA") and therefore remand is improper. The crux of Plaintiff's claims against Defendants arise out of the reporting of account information on Plaintiff's credit reports. Plaintiff's First Cause of Action alleges Defendants were "reporting the same negative account information multiple times in violation of the **Fair Credit Reporting Act**." (Complaint at 3:24-26).

IRI-62125v2

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff's Second Cause of Action alleges Defendants were reporting "negative account information in which the delinquency of the account was being reported as having occurred much more recently than was actually the case in violation of the **Fair Credit Reporting Act**." (Complaint at 4:20-24). Plaintiff has alleged violations of a federal statute, the FCRA. This Court has original jurisdiction under 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state law claims, which are based on the exact same set of facts as the federal claims. Therefore, the case should not be remanded for lack of subject matter jurisdiction and Plaintiff's Motion to Remand should be denied.

## II.   FACTS

Plaintiff filed this case on February 14, 2014, alleging violations of the FCRA and Consumer Credit Reporting Agencies Act ("CCRAA") in relation to allegedly inaccurate information on his credit reports. Experian Information Solutions, Inc. ("Experian") was served with the Summons and Complaint on February 14, 2014. (Declaration of Katherine A. Klimkowski in Support of Defendants' Response to Court's Order to Show Cause re: Remand ["Klimkowski Decl."] ¶ 3. Ex. A) On March 14, 2014, Experian filed the Notice of Removal to the United States District Court for the Central District of California. *See* Dkt. Entry. No. 1. Experian served Plaintiff on March 14, 2014 with the Notice of Removal and Certificate of Interested Parties filed in Federal Court. See Dkt. Entry No's. 1-2. Experian also served Plaintiff with the Notice of Removal filed in State Court. Klimkowski Decl. ¶ 4, Ex. 2.

On March 28, 2014, Defendant National Credit Adjusters, LLC. filed a Consent to Removal.[1] *See* Dkt. Entry. No. 8. On April 11, 2014, Defendant FIA Card Services, N.A. filed a Joinder to Removal of Action.[2] *See* Dkt. Entry. No. 14.

---

[1] Defendant National Credit Adjusters, LLC is working to resolve the case with Plaintiff.

[2] Defendant Trans Union, LLC, Defendant Equifax Information Services, LLC, and Defendant LVNV Funding, LLC have not yet appeared in the case. *See*

Plaintiff filed his Notice of Motion and Motion to Remand on April 10, 2014. *See* Dkt. Entry. No. 16.

## III. ARGUMENT

### A. This Court Has and Should Retain Jurisdiction over Plaintiff's FCRA Claim.

A Federal District Court has removal jurisdiction over any civil action brought in State court for which the district court would have had original federal jurisdiction. 28 U.S.C. § 1441(a). The district courts are vested with original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The claims of relief against Defendants alleged in Plaintiff's Complaint arise under the federal FCRA, 15 U.S.C. §§ 1681-1681u. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

Plaintiff argues that this action does not arise under the federal Fair Credit Reporting Act. (Mot. To Remand at 1:24-25). However, Plaintiff alleges Defendants were reporting negative account information multiple times in violation of the **FCRA**. (Complaint at 3:24-26.) Plaintiff further alleges Defendants were reporting "negative account information in which the delinquency of the account was being reported as having occurred much more recently than was actually the case in violation of the **Fair Credit Reporting Act**." (Complaint at 4:20-24). Thus, Plaintiff has stated claims under federal law and therefore vested this Court

---

(continued…)

Court Docket. Defendant California Business Bureau Inc. has been dismissed. *See* Dkt. Entry No. 18.

with federal question jurisdiction. This court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Therefore, removal was proper.

**B.     This Court Has Supplemental Jurisdiction Over Plaintiff's Claims.**

Federal law provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1387(a). The exercise of supplemental jurisdiction by a district court over state law claims is appropriate where the nonfederal claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceedings." *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003); *see also Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1051(9th Cir. 2003) (supplemental jurisdiction was proper where "the same facts and circumstances that form the basis for Savage's claims under the ADA and RA support her [state law] claim").

Here, Plaintiff's FCRA claims substantially overlap with the state claims in that they are all related to allegedly inaccurate and/or negative credit information contained in Plaintiff's credit reports. "The 'substantially predominate' standard … is not satisfied simply by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *Bourough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). Where the "state causes of action require consideration of similar facts and issues as [the] federal claim, … state law claims cannot be said to substantially predominate over [the] federal claim." *Bavand v. OneWest Bank FSB*, 2012 WL 1884668, at *4 (W.D. Wash. May 22, 2012). Plaintiff cannot dispute that this Court will be considering the same

IRI-62125v2                                      - 4 -                     DEFENDANTS' RESPONSE TO ORDER TO
                                                                                               SHOW CAUSE

evidence and facts with regard to his FCRA and state law claims.  Therefore, Plaintiff's argument that his claim does not arise under federal law fails and remand is improper.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion to Remand in its entirety.

Dated: April 28, 2014                    JONES DAY

                                         By: */s/ Katherine A. Klimkowski*
                                             Katherine A. Klimkowski

                                         Attorneys for Defendant
                                         EXPERIAN INFORMATION
                                         SOLUTIONS, INC.

# CERTIFICATE OF SERVICE

I, Dulce Hansen, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408.  On April 28, 2014, I served a copy of the **DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE:  MOTION TO REMAND** by electronic transmission.

I am familiar with the United States District Court Central District of California Western District's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Cristine Cunningham Reynaert<br>Hunter R. Eley<br>Doll Amir and Eley LLP<br>1888 Century Park East<br>Suite 1850<br>Los Angeles, CA 90067<br>Phone: (310) 557-9100<br>Fax: (310) 557-9101<br>Email: creynaert@dollamir.com<br>          heley@dollamir.com<br><br>Attorneys for *Defendants Equifax Information Services LLC* | Judith Sethna<br>Reed Smith LLP<br>355 South Grand Avenue<br>Suite 2900<br>Los Angeles, CA 90071<br>Phone: (213) 457-8068<br>Fax: (213) 457-8080<br>Email: jsethna@reedsmith.com<br><br>Attorneys for *Defendant Bank of America Corporation* |

| | |
|---|---|
| 1 | Sean P. Flynn |
| 2 | Foley and Mansfield LLP<br>300 South Grand Avenue |
| 3 | Suite 2800<br>Los Angeles, CA 90071 |
| 4 | Phone: (213) 283-2100<br>Fax: (213) 283-2101 |
| 5 | Email:<br>sflynn@foleymansfield.com |
| 6 | Attorneys for *Defendant* |
| 7 | *National Credit Adjusters LLC* |

Executed on April 28, 2014, at Irvine, California.

                                              */s/ Dulce Hansen*
                                              Dulce Hansen

## PROOF OF SERVICE BY MAIL

I, Dulce Hansen, am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 28, 2014, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: MOTION TO REMAND**

in a sealed envelope, postage fully paid, addressed as follows:

Eden Kretchet
11137 Freer Street
Temple City, CA  91780
Phone:  (949) 600-0380

*Plaintiff Pro Se*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 28, 2014, at Irvine, California.

*/s/ Dulce Hansen*
Dulce Hansen